UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY, NEWARK

| | |
|---|---|
| ISRAEL CHAVELA-LIRA, individually and in behalf of all other individuals similarly situated,<br><br>                  Plaintiff,<br><br>–against–<br><br>EAST COAST COMPANIES, INC., d/b/a EAST COAST PAVING & SITE DEVELOPMENT; and ROBERT VAN TASSELL, jointly and severally,<br><br>                  Defendants. | 20 CV 6160 |

## COMPLAINT AND JURY DEMAND

1.    The plaintiff, in behalf of other similarly situated current and former employees of the defendants who consent to become party plaintiffs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), alleges that the defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the defendants are liable to the plaintiff and party plaintiffs for unpaid or underpaid (1) minimum wages, (2) overtime compensation, and such other relief available by law.

2.    The plaintiff further alleges, pursuant to the New Jersey State Wage and Hour Law, N.J. Stat. Ann. § 34:11-56a4, that the plaintiff is entitled to unpaid or underpaid (1) minimum wages, (2) overtime compensation, and such other relief available by law.

3.    The plaintiff also states a claim for (1) unjust enrichment and (2) breach of contract.

### JURISDICTION AND VENUE

4.    Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§ 1331 and 1337.

5. Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## PARTIES

7. The plaintiff Israel Chavela-Lira is and was at all relevant times an adult residing in Richmond County, New York.

8. The defendant East Coast Companies, Inc., d/b/a East Coast Paving & Site Development is and was at all relevant times a New Jersey Business Corporation with its office in Middlesex County, New Jersey.

9. Upon information and belief, the defendant Robert Van Tassell is and was at all relevant times an adult residing.

## COLLECTIVE ACTION ALLEGATIONS

10. Pursuant to 29 U.S.C. § 216(b), the plaintiff commences this action as to the plaintiff's claims arising under the Fair Labor Standards Act as a collective action in behalf of all similarly situated current and former employees of the defendants at any time since three years before the date of this complaint to the entry of judgment in this action who consent to become party plaintiffs.

11. The plaintiff and the putative party plaintiffs have had substantially similar jobs and compensation and have been subject to the defendants' common policies and practices of willfully violating the Fair Labor Standards Act as set forth in this complaint. The claims of the plaintiff stated herein are similar to those of the putative party plaintiffs.

## STATEMENT OF FACTS

12. At all relevant times, the defendants' business is a commercial paver doing business as East Coast Paving & Site Development and located at 2850 Woodbridge Avenue, Unit F, Edison, New Jersey.

13. Upon information and belief, at all relevant times, the defendant Robert Van Tassell was an owner, shareholder, officer, or manager of the defendants' business.

14. Upon information and belief, at all relevant times, the defendant Robert Van Tassell was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiff and party plaintiffs, and acted directly or indirectly in the interest of an employer.

15. Upon information and belief, at all relevant times, the defendant Robert Van Tassell had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

16. The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

17. The defendants employed the plaintiff approximately from July 2017 until October 21, 2019.

18. The defendants employed the plaintiff as a paver.

19. The plaintiff worked for the defendants approximately between forty and seventy hours per week.

20. The defendants promised to pay the plaintiff approximately $25.00 per hour until June 2018, then $27.00 per hour until November 2018, then $35.00 per hour until March 2019, and then $40.00 per hour until September 10, 2019, and $72.00 per hour thereafter.

21. In reality, despite this promise, the defendants failed to pay the plaintiff any wages from September 1, 2019, until the end of his employment.

22. The defendants unjustly enriched themselves of plaintiff by having plaintiff purchase goods, promising to reimburse him for purchasing the goods, and never doing so. These goods consisted of required materials for the construction defendants were performing.

23. The defendants paid the plaintiff partially in cash and partially by check.

24. The defendants willfully failed to pay the plaintiff and party plaintiffs the applicable minimum wage.

25. The plaintiff and party plaintiffs worked more than forty hours each workweek, yet the defendants willfully failed to pay the plaintiff and party plaintiffs overtime compensation of one and one-half times their regular rate of pay.

26. Upon information and belief, while the defendants employed the plaintiff and party plaintiffs, the defendants failed to post or keep posted notices explaining the minimum wage rights of employees under the Fair Labor Standards Act and the New Jersey Labor Law, and the plaintiff and party plaintiffs were uninformed of their rights during such times.

27. Upon information and belief, while the defendants employed the plaintiffA and party plaintiffs, the defendants failed to maintain accurate and sufficient records.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

28. The plaintiff, on behalf of the plaintiff and party plaintiffs, realleges and incorporates by reference paragraphs 1 through 27 as if they were set forth again herein.

29. At all relevant times, the defendants, employers, employed the plaintiff and party plaintiffs, employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (e)(1), and (g).

30. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

31. The enterprise of the defendants employs employees engaged in commerce or in the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A)(i).

32. Upon information and belief, at all relevant times, the enterprise of the defendants has had an annual gross volume of sales made or business done not less than of $500,000, exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A)(ii).

33. Therefore, upon information and belief, at all relevant times, the plaintiff and party plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A).

34. The defendants in many workweeks willfully and repeatedly violated the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay the plaintiff and party plaintiffs the minimum wage applicable under the Fair Labor Standards Act, 29 U.S.C. § 206.

35. The defendants in many workweeks willfully and repeatedly violated the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay the plaintiff and party plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed more than forty hours in a workweek.

36. By 29 U.S.C. § 216(b), the defendants are liable to the plaintiff and party plaintiffs for unpaid or underpaid (1) minimum wages and (2) overtime compensation.

37. The defendants failed to post notices of the defendants' employees' rights under the law, required by 29 C.F.R. § 516.4.

38. Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiff and party plaintiffs are entitled to the equitable tolling of their claims during the time that the defendants failed to post such notices.

39. The foregoing conduct, as alleged, constitutes a willful violation of the Fair Labor Standards Act, within the meaning of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

40. The plaintiff and party plaintiffs are further entitled to recover of the defendants an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## NEW JERSEY STATE WAGE AND HOUR LAW

41. The plaintiff realleges and incorporates by reference paragraphs 1 through 40 as if they were set forth again herein.

42. At all relevant times, the defendants, employers, employed the plaintiff, an employee, within the meaning of the N.J. Stat. Ann. § 34:11-56a1(f–h).

43. Throughout 2017, the New Jersey state minimum wage was $8.44, from January 1, 2018, until June 30, 2019, $8.60, and from July 1, 2019, to December 31, 2019, $10.00, pursuant to N.J. Stat. Ann. § 34:11-56a4.

44. The defendants violated the plaintiff's rights by failing to pay or underpaying the plaintiff the required minimum wage, in violation of N.J. Stat. Ann. § 34:11-56a4.

45. The defendants violated the plaintiff's rights by failing to pay or underpaying the plaintiff overtime compensation at a rate not less than one and one-half times the plaintiff's regular rate of pay for the hours the plaintiff worked in excess of forty per workweek, in violation of N.J. Stat. Ann. § 34:11-56a4.

46. The defendants' course of conduct is so egregious that it warrants punitive damages.

47. The plaintiff is entitled to recover from the defendants the plaintiff's unpaid minimum wages, overtime compensation, punitive damages, reasonable attorney's fees, and costs and disbursements of the action, pursuant to N.J. Stat. Ann. § 34:11-56a25.

### THIRD CLAIM FOR RELIEF:
### BREACH OF CONTRACT

48. The plaintiff realleges and incorporate by reference paragraphs 1 through 47 as if they were set forth again herein.

49. The plaintiff and class and the defendants had an express contract by which the defendants promised to pay plaintiffs and the class certain amounts in wages in exchange for their employment.

50. The plaintiff has fully performed his obligations under the contract as employees.

51. The defendants breached the contract by failing to timely pay the plaintiff the amount of wages the defendants promised him and by failing to reimburse the plaintiff for paying for materials, as promised.

52. As a result of the defendants' failure to pay the plaintiff the agreed upon wages, the defendants have been unjustly enriched at the expense of the plaintiff in the amount of additional money owed under the contract.

53. For the defendants' willful and unjustified failure to pay the plaintiffs and class the agreed upon wages, the plaintiffs are entitled to an award of punitive damages.

### FOURTH CLAIM FOR RELIEF:
### UNJUST ENRICHMENT

54. The plaintiff, on behalf of himself and a class, reallege and incorporate by reference paragraphs 1 through 53 as if they were set forth again herein.

55. The plaintiff bought required supplies for construction work pursuant to his employment with defendants, and the defendants never reimbursed the plaintiff for purchasing these required supplies

56. As a result of defendants' failure to pay claimant for the money he spent in 2017, 2018, and 2019, paying for required construction materials, the defendants must pay claimant the amount he spent in those years.

### FOURTH CLAIM FOR RELIEF: DECLARATORY RELIEF

57. The plaintiff realleges and incorporates by reference paragraphs 1 through 56 as if they were set forth again herein.

58. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Rule 57 of the Federal Rules of Civil Procedure, the plaintiff may obtain declaratory relief.

59. The defendants violated the Fair Labor Standards Act, Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act.

60. It is in the public interest to have these declarations of rights recorded.

61. A declaratory judgment serves the useful purpose of clarifying and settling the legal issues in this action.

62. A declaratory judgment would terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this action.

### PRAYER FOR RELIEF

63. Wherefore, the plaintiff, on behalf of the plaintiff and party plaintiffs, pray this Court grant as relief:

    a. designation of this action as a collective action in behalf of the party plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated

putative party plaintiffs, apprising them of the pendency of this action, permitting them to assert timely claims under the Fair Labor Standards Act in this action by filing individual consents to become party plaintiffs pursuant to 29 U.S.C. § 216(b) and appointing the plaintiff and the plaintiff's attorneys to represent the party plaintiffs;

    b.    a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act and New Jersey State Wage and Hour Law;

    c.    an award of unpaid or underpaid (1) minimum wages, (2) overtime compensation, due under the Fair Labor Standards Act and New Jersey State Wage and Hour Law;

    d.    an award of liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

    e.    an award of compensatory damages for breach of contract and for defendants' unjust enrichment;

    f.    an award of punitive damages for the defendants' violations of the New Jersey State Wage and Hour Law and defendants' breach of contract;

    g.    if liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

    h.    an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001–02;

    i.    an award of postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New Jersey Civil Practice Law and Rules, § 4:42-11;

    j.    an award of the attorney's fees and costs, of this action, pursuant to 29 U.S.C. § 216(b) and N.J. Stat. Ann. § 34:11-56a25; and

k. such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff, on behalf of the plaintiff and party plaintiffs, demands a trial by jury on all questions of fact raised by the complaint.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: *John Gurrieri*
John M. Gurrieri
jmgurrieri@zellerlegal.com
Justin A. Zeller
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
**ATTORNEYS FOR PLAINTIFF**

Dated: New York, New York
May 20, 2020